# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re<br><br>SARAH A. GAGNE<br><br>      Debtor | ) <br>) <br>) Chapter 13, No. 19-30757-EDK<br>) <br>) <br>) |
| SARAH A. GAGNE<br><br>      Plaintiff<br><br>   v.<br><br>COMMONWEALTH OF MASSACHUSETTS and MASSACHUSETTS DEPARTMENT OF TRANSPORTATION<br><br>      Defendants | ) <br>) <br>) <br>) Adv. Proceeding No. 20-03003<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**COMPLAINT FOR VIOLATIONS OF THE AUTOMATIC STAY PROVISIONS OF THE BANKRUPTCY CODE**

    This is an adversary proceeding brought under 11 U.S.C. §101, *et. seq.* (the "Bankruptcy Code"), including §362 other applicable sections of the Bankruptcy Code, Federal law, other applicable statutes and case law, and Bankruptcy Rules 7001, *et seq.*, for the violation of the Automatic Stay provisions of the Bankruptcy Code by the Commonwealth of Massachusetts and its Department of Transportation against Sarah A. Gagne, the debtor and plaintiff in the above captioned cases, the awarding of damages, and related other relief.

**PARTIES, JURISDICTION AND VENUE**

    1. On September 23, 2019, Sarah A. Gagne, filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code, commencing the above captioned Chapter 13 case, Case No. 19-30757-EDK (the "Chapter 13 Case" or the "Case")(the "Debtor"). Pursuant to appropriate sections of the Bankruptcy Code, the Debtor is managing her affairs and assets under 11 U.S.C. §§1302, 1303, and 1304. The Debtor resides at and owns 2140 Palmer Road, Three Rivers, Massachusetts.

    2. The Commonwealth of Massachusetts is the government for the state of Massachusetts. Its chief executive officer is Governor Charles Duane Baker IV.

3. The Department of Transportation is a department under the Commonwealth of Massachusetts and is an integrated, multi-modal transportation agency composed of Highway, Rail and Transit, and Aeronautics Divisions, as well as a Registry of Motor Vehicles. Its Highway Division includes Mass Highway and the Massachusetts Turnpike Authority, and includes the collection of tolls for use of the Massachusetts Turnpike and other structures (including the "EZDriveMA" Program). The principal address for the Department of Transportation is 10 Park Plaza, Suite 4160, Boston, MA  02116. It is led by Secretary and CEO Stephanie Pollack. The Commonwealth of Massachusetts and the Department of Transportation are herein after, together, referred to as the "Defendants".

4. This Court, the United States Bankruptcy Court for the District of Massachusetts, has jurisdiction pursuant to 28 U.S.C. §§1334, 151 and 157, and the Order of Reference of the United States District Court for the District of Massachusetts (Local Rule 201 of the United States District Court for the District of Massachusetts). Further, this Court, pursuant to 11 U.S.C. §105(a), has equitable power to issue an order which is necessary and appropriate to carry out the provisions of 11 U.S.C. §§101, *et seq.*

5. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b).

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1409.

**ALLEGATIONS OF FACT**

7. The Schedules filed by the Debtor in her Chapter 13 Case listed EZDriveMA Payment Processing Center as a creditor in an unknown amount. Docket No. 1, Page 21, Paragraph 2.1.

8. The Debtor, on or about October 18, 2019, attempted to renew her driver's license which was expiring. When she attempted to renew it at the DMV facility, she was informed that she could not renew it because the Town of Palmer had placed a hold on renewals (presumably due to unpaid excise taxes) and EZDriveMA had also placed a hold (presumably due to unpaid EZ pass fees). Although the Debtor informed the DMV agent informing her of the holds that she was in a Chapter 13 bankruptcy, the DMV employee directed the Debtor to contact both the Town of Palmer and the EZDriveMA division.

9. The Debtor contacted the Town of Palmer, informed them that she had filed a Chapter 13 bankruptcy, and that a hold on her license renewal had been placed by the Town of Palmer, presumably for unpaid excise taxes. The Town of Palmer promptly informed the DMV that their hold should be released, and it was released.

9. The Debtor contacted the EZDriveMA, informed them that she had filed a Chapter 13 bankruptcy, and that a hold on her license renewal had been placed by the EZDriveMA, presumably for unpaid excise taxes. The Debtor requested that the EZDriveMA release the hold on her driver's license renewal. EZDriveMA refused. They insisted that the Debtor pay the outstanding fees, and only then would they release the hold on the license renewal. The EZDriveMA did inform the Debtor that she could file an application for a refund, but that she needed to make payment immediately; no assurance of any result for such an application for a refund were made.

10. The renewal of the Debtor's driver's license is essential to the Debtor, particularly as there is little mass transportation access where she lives.

11. The payment to the EZDriveMA to release the hold on the driver's license was $190.85. Although this may appear to be a minor amount, the Debtor's income is limited because she is, essentially, the care taker for her brother who has autism. Accordingly, the Debtor requires to limit her expenses in order to pay her mortgage(s) and Chapter 13 plan payments.

## COUNT I
## VIOLATION OF THE AUTOMATIC STAY PROVISIONS
## OF THE BANKRUPTCY CODE

13. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. 11 U.S.C. §362(a) provides, in pertinent part, that a "petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

15. The request for, and receipt of, $190.85 constitute an act to collect and recover a claim against the Debtor that arose before the commencement of Chapter 13 Case.

16. The Defendant's acts to collect funds for the prepetition claims of the Defendants, as described above, constitute violations of 11 U.S.C. §362(a)(6).
.
17. In addition to the loss of 190.85, the Debtor suffered additional damages, including the inability to pay monthly mortgage charges, and Chapter 13 plan payments, causing additional charges, legal fees, and related charges. Additionally, the Debtor has incurred significant emotional stress.

18. The acts of the Defendants to collect prepetition claims was a willful violation of 11 U.S.C. §362(a)(6), in part because the Debtor informed the Defendants that she had filed for bankruptcy relief.

19. 11 U.S.C. §362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

20. The Debtor is entitled, based upon the preceding, to recover from the Defendants actual damages of at least $5,000.00, plus punitive damages of no less than $5,000.00, plus costs and attorneys' fees of no less than $5,000.00.

**WHEREFORE,** the Debtor requests that the Court enter judgment against the Defendants in favor of the Debtor as follows:

1. On account of Count I, that the Court issue judgment for actual damages for no less than $5,000.00;

2. On account of Count I, that the Court issue judgment for punitive damages in an amount of no less than $5,000.00;

3. On account of Count I, that the Court issue judgment for the Debtor's costs and legal fees; and

4. That the Court grant such other and further relief as it finds just and proper.

SARAH A. GAGNE

Dated: February 25, 2020

/s/ *Louis S. Robin*
Louis S. Robin (BBO 545578)
Law Offices of Louis S. Robin
1200 Converse Street
Longmeadow, Massachusetts 01106
Tel. No. (413) 567-3131
Fax No. (413) 565-3131